**GRIMES v. CLINE.   (No. 9114.)**

Court of Civil Appeals of Texas.  Galveston.
April 3, 1928.

Rehearing Denied April 26, 1928.,

Execution ⚫⟳172(7)—Judgment dissolving injunction against creditor's selling debtor's property levied on pending creditor's appeal from judgment against debtor, but denying damages, held proper (Rev. St. 1925, art. 4648).

Where creditor, pending appeal from judgment against debtor denying him lien as to portion of debtor's property levied on, sought to procure sale of property and debtor obtained temporary injunction enjoining creditor from selling property before judgment became final, judgment dissolving injunction allowing creditor costs of publishing sale of property, but refusing to submit to jury question whether creditor was entitled to damages for debtor's failure to give bond required by Rev. St. 1925, art. 4648, and for further actual and exemplary damages was not error.

Appeal from District Court, Walker County;  Carl T. Harper, Judge.

Injunction proceeding by A. L. Cline against W. A. Grimes.  To review a judgment dissolving injunction, but refusing damages claimed, defendant appeals.  Affirmed.

See, also, 300 S. W. 235.

William F. Grimes and Henson & Thomason, all of Huntsville, for appellant.

M. E. Gates and Dean & Humphrey, all of Huntsville, for appellee.

LANE, J.  On the 3d day of December, 1926, in a suit brought by W. A. Grimes against A. L. Cline in the district court of Walker county, ·Grimes sought a recovery of a judgment against Cline for the sum of $3,766.26, interest and attorney's fees, and for a foreclosure of his mortgage lien upon certain personal property belonging to Cline, consisting of one boiler, one engine, one edger, one sawmill rig, and other personal property described in paragraphs 1, 2, 3, and 4 of the plaintiff's petition, and for the foreclosure of an attachment lien which he sought to establish against 253.4 acres of land, the property of Cline.

The case was tried before the court without a jury.  The court found that the plaintiff's cause of action was upon an instrument of writing, executed by the defendant, and to secure same defendant had executed and delivered to plaintiff a mortgage upon the personal property described in paragraphs 1, 2, 3, and 4 of his petition; that plaintiff had sued out a writ of attachment, and thereupon a levy had been made on 253.4 acres of land, the property of defendant; that 200 acres of said land was the homestead of defendant and exempt from sale under the levy of attachment.  Judg-

ment was rendered for the plaintiff for $3,766.26, interest and attorney's fees, with interest thereon from date of judgment, for a foreclosure of the mortgage lien on the personal property described in paragraphs 1, 2, 3, and 4 of plaintiff's petition, and for a foreclosure of the attachment lien on 53.4 acres, a part of the 253.4 acres levied upon, describing the same by metes and bounds.  The court ordered the issuance of an order of sale to sell said personal property and the 53.4 acres of land, subject to the prior liens existing against the same, or so much thereof as might be necessary to satisfy the plaintiff's judgment; and that if such property ·could not be found, or if sold for a sum insufficient to satisfy plaintiff's judgment, then plaintiff should have his execution for any balance remaining unpaid.

From the judgment so rendered, the plaintiff appealed and perfected such appeal by filing his appeal bond.

Thereafter plaintiff in due time caused a transcript of the proceedings in the suit to be made up and in due time filed the same, together with a statement of facts in the Court of Civil Appeals, and while·the appeal above mentioned was pending he procured an order of sale and caused the same to be placed in the hands of L. L. Leonard, sheriff, for execution of the foreclosure decreed in his favor, and through his attorney made affidavit for garnishment against the board of prison commissioners, garnishee, and caused a writ of garnishment to issue against said board, which was served on said board.  He also procured a writ of garnishment against the Huntsville State Bank, both of said writs being procured in an effort to collect his judgment, from which he appealed to this court.  Sheriff Leonard, ·by virtue of said order of sale, seized and advertised for sale the property described in said foreclosure decree.

On the 2d day of April, 1927, A. L. Cline made application for a temporary writ of injunction, wherein he set forth the facts above stated.  In said application Cline alleged:

"That the defendant, W. A. Grimes, was unlawfully harassing and vexing him in suing out successive writs of garnishment and other process on said judgment, while he was not lawfully entitled to do so; that at the time the said writ of garnishment to the board of prison commissioners was sued out, said board of prison commissioners was indebted to him in a considerable amount, but which . indebtedness by parol transfer thereof had been by defendant assigned to the Huntsville State Bank, on the mortgage indebtedness of plaintiff to said bank, and that the said fund was by the service of said writ of garnishment on the prison commission tied up, and the said order of sale was levied on the property of this plaintiff and a sacrifice sale thereof would be made under a judgment not final, unless defendants be restrained from doing so by the court through the issuance of the gracious writ of injunction; and that the defendant, W. A. Grimes, is crippling

and inflicting great and irreparable injury on him by suing out process on said judgment of the district court of Walker county before the same becomes final, and after he has voluntarily removed said judgment to the Court of Civil Appeals for the First Supreme Judicial District of Texas, as aforesaid.

"That in the judgment appealed from the said W. A. Grimes, defendant here and plaintiff there, sought to foreclose an attachment lien claimed by him on 200 acres of land belonging to this plaintiff, which foreclosure was denied by the district court of Walker county; but by reason of the foreclosure had and sought to be had in said suit, the defendant, W. A. Grimes, as plaintiff in the aforesaid suit, cannot lawfully sue out any process on the judgment of the district court in said suit, until it has been made final by action of the Court of Civil Appeals, and of the Supreme Court on the appeal therefrom; and said defendant, W. A. Grimes, cannot lawfully obtain other remedial writs on said judgment until, after same has become final, he shall first cause to be sold under order of sale such of the property of this plaintiff as the courts may determine is subject to the claimed liens of the defendant, W. A. Grimes.

"That plaintiff has no adequate remedy at law to prevent the unjust, unlawful and oppressive acts of the defendants, W. A. Grimes and L. L. Leonard, sheriff, and that unless this court grants unto the plaintiff herein its writ of injunction ordering said defendant, W. A. Grimes, to desist from his efforts to prosecute suits founded on aforesaid unlawful writ of garnishment, and order said defendant, W. A. Grimes, to desist from making sale of the property unlawfully seized under the order of sale, as aforesaid, and orders the defendant, L. L. Leonard, as sheriff of said Walker county, to refrain and desist from selling the aforesaid property seized by him under said unlawful order of sale, and ordering the defendant, W. A. Grimes, to cease all further efforts by resort to ancillary remedies to collect on said judgment of the district court of Walker county until the same has become final."

The prayer was for a temporary injunction to restrain W. A. Grimes from undertaking to enforce collection of his judgment under the writs issued, and to restrain him from making other efforts to forcibly collect said judgment until, if, and when the same has become final by action of the Court of Civil Appeals and the Supreme Court, and to restrain Sheriff Leonard from making sale of plaintiff's property.

Upon such application, the court ordered the entry of the following order:

"In vacation, the foregoing petition being presented to me and after considering the same, it is ordered that the clerk of the district court of Walker county, Tex., issue a writ of injunction enjoining the defendants from selling any of the property levied on and advertised for sale until further orders of this court, said writ to issue upon plaintiff executing bond in the sum of $250 payable to the defendants as required by law.

"This 1st day of April, A. D. 1927."

Bond for the sum of $250 was filed by Cline as ordered, and the temporary injunction prayed for was issued and served upon W. A. Grimes and the sheriff.

By the answer of the defendants Grimes and L. L. Leonard, they attacked the injunction issued upon several grounds, one of which was that the bond required and given was insufficient to entitle the issuance of the injunction, and that the same was issued in violation of the provisions of article 4648, Revised Civil Statutes of 1925, in that by such article it is provided that:

"If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt."

W. A. Grimes by his answer reconvened for damages and alleged that the writ of injunction was wrongfully, maliciously, willfully, wantonly, and recklessly sued out in utter disregard of his rights, and that as a proximate result thereof he suffered damages in the sum of $4,000; that it was the legal duty of Cline, upon applying for the injunction to restrain the collection of the judgment in the defendant's favor, to tender into court the amount due on such judgment, and that he had the legal right to have such tender made to protect him from loss; that Cline failed to make such tender and thereby maliciously, willfully, wantonly, and recklessly disregarded defendant's rights; and that as a proximate result of such failure on the part of Cline to make such tender he, Grimes, had suffered damages in the sum of $4,000; that the failure of Cline to make an injunction bond in double the amount of the judgment restrained, as required by law, so as to protect him, Grimes, from loss by reason of the injunction, resulted in his damage in the sum of $7,800; that it was the duty of Cline to him to make a supersedeas bond "in error" in double the amount of the judgment restrained, as required by law; that Cline failed to make such bond, and, as a proximate result of such failure, he, Grimes, suffered a loss of $7,800; and that by reason of the several acts of omission and commission on the part of Cline above mentioned, all of which were born in malice, willfullness, and in wanton and reckless disregard of Grimes' rights, Grimes should be permitted to recover from Cline exemplary damages.

His prayer was for judgment against Cline for the several sums named as actual damages, and for an aggregate sum of $23,600 as exemplary damages.

On the 29th day of April, 1927, after the issues of fact had been submitted to the jury, and after the jury had retired to consider its verdict, defendant, Grimes, filed his motion to dissolve the injunction because of insufficient bond, and to grant him the statutory damages of 10 per cent. on his judgment of $7,800 as provided by article 4660, Revised

Civil Statutes of 1925, and prayed that the sum of $250 of such damages be assessed against J. G. Ashford and W. C. Jones, sureties on the injunction bond of Cline.

The court dissolved the injunction, but found that the injunction was not sued out for delay only, and overruled the motion of Grimes for statutory damages, but ordered that Grimes recover from Cline all costs incurred in the suit.

In answer to special issues, the jury selected to try the cause found (1) that Grimes expended $32 publishing the notice of the sale which was restrained by the writ of injunction, and (2) that Grimes sustained no damage by reason of the wrongful issuance of the injunction.

The court refused to submit to the jury the inquiry as to whether or not Grimes was entitled to recover the several items of damages asserted by him in his answer.

The court rendered judgment for Grimes against Cline for the sum of $32.15, the amount expended by Grimes in publishing the sale of property, together with all costs of suit. From the judgment so rendered, W. A. Grimes has appealed.

After a careful examination of the record, we find no error in the action of the court which would call for a reversal of the judgment, and, since we have reached such conclusion, the judgment is affirmed.

Affirmed.